JOHN HATHAWAY, Appellant, v. THE CITY OF DES MOINES.

**Construction of Statute: MUNICIPAL CORPORATIONS.** Acts, Twenty-second General Assembly, chapter 1, sections 9 and 13, declaring that the board of public works shall take charge of the construction, repairing and supervision of the streets and public places, and shall have power to appoint agents and employes, absolutely necessary for the doing of the work of said board, "but such agents or employes shall be actually engaged in the construction of the public works of such city, and shall not include any assistants, superintendents, bookkeeper or secretaries, but said last-named offices shall be filled and duties performed by said board," do not prohibit the appointing of a person, by the board, with power to hire an discharged men, and to direct in the prosecution of the work.

**Fellow Servant: NEGLIGENCE** A person so hired to take charge of work on a street, is a vice-principal, and not the fellow servant of one co-employed by the city to shovel dirt from a bank into a wagon, and who is injured by the negligence of the said superintendent.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

WEDNESDAY, FEBRUARY 12, 1896.

ACTION to recover for a personal injury. There was a demurrer to the petition, which was sustained; and plaintiff appeals.—*Reversed.*

*Henry S. Wilcox* for appellant.

*J. K. Macomber* for appellee.

ROTHROCK, C. J.—I.    It is not practicable to set out the petition in an opinion. It is drawn out at great length. We will quote such parts of it as appear to be necessary to determine the questions discussed by counsel. It appears from the petition, that the plaintiff

was employed by the city as a shoveler, at a bank about ten feet high, and that the top of the bank was frozen, and the earth at the bottom was removed, so that the bank was undermined, to some extent, and that, while engaged in shoveling into a wagon, the bank caved, and the earth fell on the plaintiff and injured him. It is charged in the petition that the injury was sustained by reason of the negligence of one Dunkle, who was in charge of the work. It is claimed by counsel for appellee that, under the averments of the petition, there can be no recovery, because Dunkle was a fellow servant of the plaintiff. The petition avers, in effect, that he was not a fellow servant. It is stated therein that Dunkle was appointed by the board of public works to take charge of the work on the streets, and said appointment was approved by the city council. The petition contains the following averments: "That for the doing of said work the said Dunkle was, by said board, authorized and permitted, in the name and on behalf of said city, to employ and discharge men, and control, direct, and manage the work so done; and the said Dunkle was given the entire charge, direction, and control of all persons employed to do said work, and of the manner in which said work should be done. That, being so authorized, the said Dunkle, for, and on behalf of said defendant city, did assume the charge, management, and control of said work, and did employ the plaintiff, and divers other men and teams to work for the said city, under his control, in the performance of said work." Substantially the same averments are repeated in the petition. So far, then, as the averments of the petition are concerned, it cannot be said that Dunkle was a fellow servant. He was what is sometimes called a "vice-principal," and the principal is answerable for his negligence.

II.   But it is insisted that the city is not liable, because it had no authority to approve the act of the board of public works, in the appointment of Dunkle. Reliance is had upon sections 9 and 13, of chapter 1, of the Acts of the Twenty-second General Assembly. Section 9 is in these words: "Said board shall take special charge of the construction, repairing and superintendence of all streets, alleys, highways, sidewalks, public grounds, cleaning streets, alleys, highways, lamps and light for lighting the streets, alleys, highways, parks, public places and public buildings." Section 13, is as follows: "It (the board of public works) shall have power to appoint agents and employes, subject to the approval of the city council, absolutely necessary for the doing of the work of said board, but such agents or employes shall be actually engaged in the construction of the public works of such city, and shall not include any assistants, superintendents, bookkeepers or secretaries, but said last named offices shall be filled and duties performed by said board of public works, without extra compensation." We think that the appointment of Dunkle, with the power to hire and discharge men, and to direct in the prosecution of the work, was not prohibited by these provisions of the statute; and the claim that he must be regarded as a mere common laborer, cannot be sustained, under the averments of this petition, as matter of law. It must be remembered that we are not determining the case upon its merits. The averments of the petition must be accepted as true. Surely the statute does not contemplate that a foreman may not be appointed, with the authority set forth in the petition. It appears to us that most of the cases cited by appellee, relate to mere servants, such as the driver of a luggage cart, teamsters and laborers, and a driver of an ambulance belonging to the

city. The requirement of the statute, that the agent
employed by the city, shall be actually engaged in the
work, does not necessarily mean that he shall be a
shoveler or common laborer. His employment to direct
the work, and to employ and discharge laborers, was
actual employment in the work. We do not deter-
mine the question whether the city can be allowed to
question the authority of Dunkle, if he had the
authority set out in the petition. In *City Council v.
Harris*, 14 South (Ala.) 357, it was held that a city
which has placed a superintendent in charge of a
gang of laborers, cannot be heard to deny the
legality of his appointment, in an action by one of
the laborers, for injuries caused by the superin-
tendent's negligence.

III. It is said that the petition showed on its
face that the plaintiff was chargeable with contrib-
utory negligence. This claim is not well founded.
The petition not only expressly avers that plaintiff
was without negligence, but it contains facts, which,
if true, show that he was in the exercise of due care,
when he was injured. The ruling sustaining the
demurrer is REVERSED.